# United States District Court
# Northern District of Indiana

| | |
|---|---|
| ADRIAN LOTAKI, | ) |
| | ) |
|         Petitioner, | ) |
| | )   Civil Action No.  3:07-CV-154 JVB |
| v. | ) |
| | ) |
| WALTER MARTIN, | ) |
| | ) |
|         Respondent. | ) |

**OPINION AND ORDER**

Adrian Lotaki, a *pro se* prisoner, filed this habeas corpus petition challenging his ninety day loss of earned credit time. In WCC 06-09-423, the Disciplinary Hearing Board (DHB) found him guilty on October 17, 2006, of battery with a weapon or causing serious injury in violation of A-102.

Lotaki raises only one argument: that he requested a videotape, but it was not reviewed by the DHB. Lotaki explains that his hearing was postponed three times in an attempt to obtain the video he requested, but that it was ultimately found to be unavailable. *See* DE 3-2 at 2-4 and 6.

Though *Wolff v. McDonnell*, 418 U.S. 539  (1974), requires that an inmate be permitted to submit relevant, exculpatory evidence, it does not require the consideration of evidence that is unavailable, or inculpatory. The DHB tried to obtain the video, but could not. Three postponements demonstrate that they made a good faith effort to obtain the video. The unavailability of requested evidence does not require acquittal.

The conduct report includes a summary description of the videotape he requested. Lotaki does not argue that the conduct report's description of events is inaccurate. The report describes him entering a cell just before an offender in that cell was seriously injured. Such evidence is not exculpatory, it is inculpatory. Lotaki does not argue that the video would demonstrate his innocence;

he merely argues that the DHB should have reviewed it and that by not doing so they violated IDOC policy.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (citations omitted).

Though Lotaki specifically states that he is not challenging the sufficiency of the evidence, in the conduct report there is some evidence that he was guilty of battery causing serious injury. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him). *See also Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); and *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

Lotaki has presented no basis for habeas corpus relief, therefore the petition will be denied. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

2

relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Section 2254 Habeas Corpus Rule 4.

For the foregoing reasons, this habeas corpus petition is **DENIED**.

**SO ORDERED** on February 25, 2008.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT COURT JUDGE